IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUU NAM TRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 01-262 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY and KWOK LAM, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION

Plaintiff has filed a Motion in Limine seeking to preclude Defendants from presenting a defense based on disclaimers in the insurance policy at issue.

Plaintiff has testified that he did not read the policy, and that he did not understand enough English to read the policy.  Our Court of Appeals, however, specified that a jury is to evaluate the nature of Plaintiff's reliance on Defendant Lam's statements.  Part of that evaluation may involve the policy language itself.  Merely because Plaintiff asserts that he did not or was unable to read the policy does not, by itself, render the policy language irrelevant and inadmissible. Instead, the import of that language is a question for cross-examination, attorney argument, and ultimately, of fact for the jury.  Moreover, Plaintiff does not specify which policy provision is allegedly void as against public policy, and why; there is no such

law of the case here as yet.[1]

Similarly, I cannot find that the policy language should be excluded under Fed. R. Evid. 403.  Plaintiff asserts no unfair prejudice and articulates no confusion that cannot be aided by cross-examination or instructions to the jury.  For these reasons, I will deny Plaintiff's Motion in that regard.

This ruling, however, does not constitute blanket permission for any and all evidence relating to policy provisions.  The contours of the admissibility of such evidence will be shaped by the testimony of witnesses at trial.  I will, therefore, entertain objections to particular questions on that subject during direct or cross-examination.  In addition, I will consider requests for any related jury instructions that might be deemed necessary.[2]

As a final matter, Plaintiff argues that Defendant should be judicially estopped from relying on its free-look provision, because of a Sales Practices Guide submitted to the Pennsylvania Insurance Department, which instructs its sales force, essentially, that a free-look provision cannot cure misleading statements made in the course of a sale.  The doctrine of judicial estoppel prevents a party from asserting inconsistent claims in different legal proceedings.  Mintze v. American Financial Services, Inc., 434 F.3d 222, 232 (3d Cir. 2006).  The doctrine is at the discretion of the court.  Id.  I will not apply that doctrine here.  I agree with Defendant that the requirements for

---

[1] Plaintiff relies on a vague statement by the court in Rempel v. Nationwide Life Ins. Co., 323 A. 2d 193 (Pa. Super. 1974).  However, neither party points to a classic tort disclaimer; instead, Defendants point only to provisions such as the 10-day right to examine and a limitation on the sales agent's authority to alter the provisions of the contract.  These are not, strictly speaking, exculpatory clauses.

[2] Indeed, several of Plaintiff's arguments seem better suited for instructions to the jury than to in limine evidentiary rulings.

application of judicial estoppel are not present here.  I will, therefore, deny that aspect of Plaintiff's Motion as well.

AND NOW, this **6**$^{th}$ day of March, 2006, Plaintiff's Motion in Limine to Preclude Entry of a Defense Based Upon Policy Disclaimer Language (Docket No. 49) is DENIED.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge