IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUU NAM TRAN, )
)
)
       Plaintiff, )
)
)
-vs- )
                                                         Civil Action No. 01-262
)
)
METROPOLITAN LIFE INSURANCE COMPANY and )
KOWK LAM, )
)
)
       Defendant. )

AMBROSE, Chief District Judge.

# **OPINION**
# **and**
# **ORDER OF COURT**

Defendants have filed a Motion in Limine seeking to exclude evidence that it asserts is irrelevant or inadmissible under Fed. R. Evid. 401 and 402, because it is unrelated to the 1993 sale at issue in this case; or inadmissible under Fed. R. Evid. 404(b).[1] In particular, Defendants seek to exclude evidence of certain "bad acts" or improper sales practices; documents relating to life insurance products, riders, and strategies not at issue in this case; and the testimony of witnesses without firsthand

---

[1] I denied a materially identical Motion in Mohney v. Metropolitan Life Ins. Co., Civil Action No. 96-186, by Order dated December 22, 2004.

1

knowledge of the 1993 sale. Plaintiff counters that the evidence is relevant to show Defendants' knowledge, pattern of conduct, business practices, and corporate culture; in turn, these issues are relevant to Plaintiff's claims for punitive damages and fraud. Plaintiff further argues that some of the objected-to evidence is admissible under Fed. R. Evid. 406.

For the following reasons, I will deny Defendants' Motion without prejudice.

## A. **APPLICABLE STANDARDS**

Relevant evidence is evidence that tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Evidence is unfairly prejudicial if it "may cause a jury to base its decision on something other than the established propositions in the case." Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980). In addition, when evaluating a motion pursuant to Rule 403, a court should consider the effectiveness of a limiting instruction and the availability of alternate means of proof. See Advisory Committee Note to Rule 403.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Fed. R. Evid. 404(b). This list is not intended to be exclusive; the plain language of Rule 404(b) states that the Rule may be satisfied whenever "other bad act" evidence is offered for a purpose other than proving character.

Plaintiff's arguments in this matter implicate Rule 406. That Rule provides, in pertinent part, that "evidence . . . of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the . . . organization on a particular occasion was in conformity with the . . . routine practice." Fed. R. Civ. P. 406. Routine practice is akin to habit, and refers to one's "regular response to a repeated specific situation," or "semi-automatic, situation-specific conduct." Becker v. ARCO Chem. Co., 207 F.3d 176, 204 (3d Cir. 2000).

The proponent of evidence bears the burden of establishing its admissibility. See, e.g., Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 417 (3d Cir. 1999).

## B. DEFENDANTS' MOTION

First, Defendants assert that the identified witnesses, who are primarily former employees of Defendant Metropolitan Life, have no firsthand knowledge of the subject transaction, and therefore their testimony is irrelevant or otherwise inadmissible. Plaintiff asserts that the testimony is admissible to prove the context of Defendants' knowledge and corporate culture, which permitted the business practice at issue in this case. Because, as Defendants point out, the scope of each witness' knowledge and testimony is as yet unidentified, I am without information sufficient to make a definitive ruling excluding that testimony.

As regards other alleged wrongdoing by Defendants, such acts are clearly inadmissible to show that Defendants acted in conformity therewith as to Plaintiff. They might, however, be relevant to Defendants' knowledge, intent, motive, or business practices, or to Plaintiff's punitive damages claim. See, e.g., TXO Prod. Corp. v. Alliance Resources Corp., 509 U.S. 443, 113 S. Ct. 2711, 2723 n. 28, 125 L. Ed. 2d 366 (1993) (punitive damages); Fed. R. Evid. 404(b)(2) (other acts generally).[2] Whether particular acts should be excluded under Rules 401 and 402 due, for example, to timing considerations, or are otherwise inadmissible under Rule 403, are matters to be determined at trial when the particular evidence is before me and subject to appraisal. Similarly, given the information now presented, I simply cannot determine whether such evidence relates to Defendants' "routine practice" as contemplated by Rule 406.

I reach the same conclusion regarding videotapes and documents that, the parties appear to agree, do not relate specifically to the 1993 sale at issue here. As suggested above, the mere fact that evidence does not mention or refer to the transaction involving Plaintiff does not render it inadmissible in this action. Again, I cannot and will not render such a determination with less than complete data.

Therefore, this **10th** day of March, 2006, it is ORDERED that Defendants' Motion in Limine to Exclude Evidence Unrelated to the Transaction at Issue and the Testimony of Proposed Witnesses who Have no Knowledge of the Transactions at

---

[2]Although Defendant makes mention of post-transaction bad acts, Rule 404(b) does not distinguish between prior and subsequent bad acts. In addition, if "other bad acts" evidence is admitted, I will issue an appropriate limiting instruction. See Becker v. ARCO Chem. Co., 207 F.3d 176, 189 (3d Cir. 2000).

4

Issue (Docket No. 59) is DENIED, without prejudice as set forth more fully in the Opinion accompanying this Order.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge