IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUU NAM TRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 01-262 |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KWOK LAM, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

On October 17, 2005, Defendants Metropolitan Life Insurance Company ("MetLife") and Kwok Lam ("Lam") (collectively, "Defendants") filed a Motion in Limine (Docket No. 63) seeking to exclude at trial evidence regarding the Pennsylvania Report of Market Conduct Examination of MetLife ("Pennsylvania Report"), the Florida Report of Investigation into Sales Practices of MetLife ("Florida Report"), and the Connecticut Market Conduct Report ("Connecticut Report"). On March 10, 2006, I entered an Order granting in part and denying in part Defendants' Motion. (Docket No. 87). In relevant part, I denied Defendants' Motion to the extent it sought to exclude evidence of the Connecticut Report because a copy of the Report was not before me, and Defendants did not provide specific information concerning the

1

Report's scope and contents. I also stated that Defendants could renew their Motion in Limine regarding the Connecticut Report if and when the parties supplied me with the appropriate documentation.

Although Defendants had not renewed their Motion in Limine, Plaintiff filed a "Supplemental Response" to Defendants' original motion on March 29, 2006 (Docket No. 89), in which he further discussed the admissibility of the Connecticut Report. Plaintiff also attached a copy of the Connecticut Report to this "Supplemental Response." (Docket No. 89, Ex. 1). On April 5, 2006, Defendants filed a Reply to Plaintiff's Supplemental Response (Docket No. 91), in which they again argued that the Connecticut Report is inadmissible.

As an initial matter, I am puzzled by Plaintiff's filing of a "supplemental response" well after I decided Defendants' original Motion in Limine and without a renewed motion in limine having been filed. Even in their Reply to Plaintiff's supplemental response, Defendants do not formally renew their motion in limine with respect to the Connecticut Report. Given the proximity of trial, however, and the fact that Defendants' reply specifically requests that I exclude evidence of the Connecticut Report at trial, I will deem that Reply as a renewed Motion in Limine. For the reasons set forth below, Defendants' renewed Motion is granted in part and denied in part.

## ANALYSIS

The Connecticut Report summarizes a joint investigation by the Connecticut Attorney General and the Market Conduct Division of the Connecticut Insurance

Department into the life insurance sales practices of MetLife. See Connecticut Report at 1. The focus of the six-month-long investigation was on allegations of churning in the sale of whole life insurance and misrepresentations of so-called "vanishing premium" policies. Id. The investigation covered the period from 1980 to 1998. Id. at 8. The 42-page Report was issued on October 14, 1998. In its findings, the Report concluded, among other things, that there was sufficient evidence to charge MetLife with violating Connecticut law regarding MetLife's sale of vanishing premium policies. Id. at 41.

As with the Pennsylvania and Florida Reports, Defendants argue that evidence regarding the Connecticut Report should be excluded at trial because it is hearsay, irrelevant, and/or unduly prejudicial.

Defendants first assert that the report is "classic hearsay" which should not be admitted at trial. This argument is rejected for the same reasons set forth in my Opinion and Order disposing of Defendants' initial Motion in Limine. See Docket No. 87. Namely, the report may be admitted as an "official record" under Federal Rule of Evidence 803(8)(C), which provides an exception to the hearsay rule for "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8). As with the Pennsylvania and Florida Reports, Defendants have not shown any basis for believing that the Connecticut Report as a whole is untrustworthy.

For these reasons, Defendants' Motion is denied to the extent it seeks to exclude the Connecticut Report in its entirety on the grounds that the Report is inadmissible hearsay.  This ruling, however, does not mean that all of the contents of the Report are necessarily admissible as non-hearsay.  To the extent Defendants contend that specific portions of the Report fall outside the scope of Rule 803(8) or otherwise object to specific portions of the Report (e.g., as hearsay within hearsay, etc.), I will consider such objections at trial.

Defendants also assert that, even if non-hearsay, evidence regarding the Connecticut Report should be excluded at trial on the grounds that it is irrelevant and/or unfairly prejudicial.  This portion of Defendants' Motion is granted to the extent the report discusses or makes findings concerning alleged sales practices distinct from or dissimilar to the "vanishing premium" allegations contained in Plaintiff's Complaint. Such evidence would have a tendency to confuse the jury and, therefore, to unfairly prejudice Defendants.

Defendants' Motion is denied, however, to the extent the Connecticut Report discusses or makes findings concerning sales practices similar to Plaintiff's "vanishing premium" allegations.  Such evidence may be relevant, for example, in establishing a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques.[1]  This probative value is not substantially outweighed by the

---

[1] I recognize that the Connecticut Report is focused on MetLife activity within Connecticut, and not Pennsylvania, where the transactions at issue in this case took place.  Unlike the Florida Report, however, one of the primary focuses of the Connecticut investigation was "vanishing premium" allegations very similar to Plaintiff's allegations here.

danger of unfair prejudice to Defendants.[2]

In sum, I will permit use of the Connecticut Report only to the extent that the report discusses or makes findings concerning sales practices similar to the "vanishing premium" allegations contained in Plaintiff's Complaint.

An appropriate Order follows.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

[2] Of course, Defendants remain free to make Rule 403 objections, if appropriate, to specific portions of the Connecticut Report when offered at trial.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUU NAM TRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  01-262 |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KWOK LAM, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **13th** day of April, 2006, after careful consideration, it is ORDERED that Defendants' Renewed Motion in Limine to Exclude Evidence Regarding the Connecticut Market Conduct Report regarding Metropolitan Life Insurance Company (Docket No. 91) is granted in part and denied in part as set forth more fully in the Opinion accompanying this Order.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge