IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUU NAM TRAN, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | |
| ) Civil Action No. 01-262 | |
| METROPOLITAN LIFE INSURANCE COMPANY ) | |
| and KWOK LAM, ) | |
| ) | |
| Defendants. ) | |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION**

On May 17, 2006, Plaintiff filed a Motion for New Trial Pursuant to Rule 59(a)[1] of the federal Rules of Civil Procedure. (Docket No. 101). Plaintiff's Motion is based on three reasons: 1) The Court erred in declining to include Plaintiff's proposed jury instruction No. 22 regarding intent and evidence; 2) The Court erred in declining to include Plaintiff's proposed jury instruction No. 3 regarding a duty to read; and 3) The Court erred when it precluded Plaintiff's counsel from cross-examining Defendants' expert witness, Mr. Wilcox, about findings made in the State of Connecticut Insurance Department Report of Investigation. (Docket No. 101). For the reasons set forth below, I disagree with Plaintiff.

---

[1]Rule 59(a) of the Federal Rules of Civil Procedure provides as follows:

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

To begin with, Plaintiff specifically asserts that the failure of this Court to instruct the jury as set forth in his proposed jury instruction number 22[2] left the jury with the impression that negligent misrepresentation and fraudulent misrepresentation can only be proved with direct evidence and not inferred from circumstances surrounding the sale of the policy.  (Docket No. 101, ¶7).   This argument is without merit.  I specifically instructed the jury as follows:

> While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.
>
> There are two types of evidence which you should consider.  One type of evidence is called direct evidence.  Direct evidence is where witnesses testify about what they know of their own knowledge by virtue of their own senses, that is called direct evidence.
>
> The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. You infer on the basis of reason and common sense from an established fact the existence or non-existence of some other fact. For example, if someone comes in your house with an open umbrella, and the umbrella is wet, you may infer from your common sense and experience that it is raining, even though you did not look out the window and see the rain yourself. Circumstantial evidence is of no less value than direct evidence; for it is a general rule that

---

[2]Plaintiff's Proposed Jury Instruction No. 22 provides as follows: "You, the jury, properly may infer the intent of the Defendants form their conduct and the circumstances surrounding the sale of the policies at issue in this case." (Docket No. 61, p. 73).

> the law makes no distinction between direct and circumstantial evidence. Your duty is to find the facts in accordance with all the evidence in the case, both direct and circumstantial.

The fact that I did not instruct the jury multiple times on circumstantial evidence is of no import. Consequently, this argument fails.

Plaintiff next argues that the failure to give his proposed jury instruction number 3[3] on duty to read was prejudicial. (Docket No. 101, ¶¶ 11-14). I disagree. Plaintiff's statement of the law is incorrect. It is not that Plaintiff has no duty to read the policy, but rather it is a question for the jury to determine based on the circumstances of the case whether it was unreasonable for Plaintiff not to read the policy. *See, Tran v. MetLife,* 408 F.3d 130, 137-38 (3d Cir. 2005). Consequently, there is no error in this regard.

Plaintiff's final argument is that this Court erred when it precluded Plaintiff's counsel from cross-examining Defendants' expert witness, Mr. Wilcox, about findings

---

[3]Plaintiff's proposed jury instruction number 3 provides as follows:

"Normal" contract principals do not apply to insurance transactions. Life insurance policies are contracts of adhesion and the adhesionary nature of life insurance documents is such that a non-commercial insured is under no duty to read the policy as issued and sent by the insurance company. The expectations of the buying public are in large measure created by the insurance industry itself.

There is no requirement that a non-commercial life insurance customer must scrutinize and insurance policy to ascertain its provisions and thereby determine whether the policy accords with the insurance agent's representations and meets the insured's expectations.

The Superior Court has held that an insurance agent's expertise in the field of life insurance vests his or her representations with authority and tends to induce the insured to believe that reading the policy would be superfluous.

(Docket No. 61, p. 57).

made in the State of Connecticut Insurance Department Report of Investigation. (Docket No. 101, ¶¶ 15-18). This argument fails for two reasons. First, in ruling on a motion *in limine*, I permitted the use of the Connecticut Report to the extent that the report discusses or makes findings concerning sales practices similar to the "vanishing premium" allegations contained in Plaintiff's Complaint. (Docket No. 94, p. 5). Second, at trial, counsel for Plaintiff informed this Court that it only wanted to ask Mr. Wilcox if he is familiar with the Connecticut Report or any other state report that had concerns about MetLife. All Plaintiff's counsel wanted was a yes or no answer. Based on this representation to this Court, I overruled Defendants' counsel's objection and permitted the Plaintiff's counsel to ask his question. Consequently, Plaintiff was not precluded from asking the question he wanted in this regard. Thus, there is no merit to this argument.

THEREFORE, this **26th** day of June, 2006, it is ordered that Plaintiff's Motion for New Trial Pursuant to Rule 59(a) (Docket No. 101) is denied.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge