IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUU NAM TRAN,                                  )
                                               )
            Plaintiff,                         )
                                               )
   -vs-                                        )
                                                 Civil Action No.  01-262
                                               )
METROPOLITAN LIFE INSURANCE COMPANY            )
and KOWK LAM,                                  )
                                               )
                                               )
            Defendants.                        )

AMBROSE, Chief District Judge.

# OPINION
## and
# ORDER OF COURT

### SYNOPSIS

Pending is a Motion to Amend Judgment Pursuant to Rule 59(e), that I converted to a Motion for Attorneys' Fees and Costs pursuant to Rule 54(d)(2) at the hearing held on this Motion on July 12, 2006.  (Docket No. 103).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, said Motion is granted in part and denied in part.

### I.  BACKGROUND

Plaintiff, Huu Nam Tran filed suit against Defendants, Metropolitan Life Insurance Company ("MetLife") and Kwok Lam, alleging negligent misrepresentation, fraudulent misrepresentation, and violations under the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("UTPCPL").  The case proceeded to trial and

the jury returned a verdict partially in favor of Plaintiff. (Docket No. 99). Specifically, the jury found in favor of Defendants with regard to Plaintiff's negligent misrepresentation claim and fraudulent misrepresentation claim. (Docket No. 99). With respect to Plaintiff's UTPCPL claim, the jury determined that Plaintiff proved by clear and convincing evidence that Defendant MetLife or Defendant Kwok Lam represented that the life insurance policy sold to Plaintiff had approval, characteristics, benefits, or quantities that it did not have and that Defendants made false or misleading statements of fact concerning the reason for, the existence of, or amounts of price reductions in the sale of the policy and that Plaintiff justifiably relied on them in making his decision to purchase the policy. (Docket No. 99). In addition, the jury found that Plaintiff suffered damages as a result therefrom.  The jury awarded Plaintiff damages in the amount of $25,000.00. (Docket No. 99).

Plaintiff has filed a Motion seeking attorneys' fees (in the amount of $87,740.50) and costs (in the amount of $13,273.56) associated with the prosecution of Plaintiff's UTPCPL claim. (Docket No. 103, ¶¶6-7).  Plaintiff also seeks post judgment interest.  (Docket No. 103, ¶16).  Additionally, Plaintiff requests that this Court treble damages pursuant to the UTPCPL.   After a hearing on July 12, 2006, and additional briefing by the parties, the issues are now ripe for review.

## II. <u>LEGAL ANALYSIS</u>

### A. <u>Attorneys' Fees and Costs</u>

#### 1. <u>Attorneys' fees</u>

The UTPCPL provides, in pertinent part, that "[t]he court may award to the plaintiff...costs and reasonable attorney fees."  73 Pa. S.T. §201-9.2(a).  "In a case involving a lawsuit which include[s] claims under the UTPCPL ... the following factors should be considered when assessing the reasonableness of counsel fees:

> (1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case; (2) The customary charges of the members of the bar for similar services; (3) The amount involved in the controversy and the benefits resulting to the clients from the services; and (4) The contingency or certainty of the compensation."

*Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1031 (Pa.Super. 2005), *quoting Sewak v. Lockhart,* 699 A.2d 755, 762 (Pa.Super.1997), *citing Croft v. P. & W. Foreign Car Service*, 383 Pa.Super. 435, 557 A.2d 18, 20 (1989).  Another factor to consider, although it is not a controlling factor, is a "sense of proportionality" between the award of damages under the UTPCPL and the attorneys' fees award.  *Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1031 (Pa.Super. 2005).  Moreover, it is incumbent upon this Court, to "eliminate from the award of attorney fees the efforts of counsel to recover on non-UTPCPL theories."  *Id.* at 1031-32.

Courts use the lodestar formula which requires multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Hensley v. Eckerhart,* 461 U.S. 24,  433 (1983); *Loughran v. Univ. of Pittsburgh,* 260 F.3d 173, 176 (3d Cir. 2001).  "A District Court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee."  *Lanni v. New Jersey,* 259 F.3d 146, 148 (3d Cir.

2001).  Thereafter, a district court may adjust the fee for a variety of reasons, the most important factor being the "results obtained" by the plaintiff.  *Public Interest Research Group of New Jersey, Inc. v. Windall,* 51 F.3d 1179, 1185 (3d Cir. 1995).  With this in mind, I now consider the reasonableness of hours worked and rates charged by Plaintiff's counsel.[1]

    a.  Reasonable hourly rates

First, I must determine what constitutes a "reasonable market rate for the essential character and complexity of the legal services rendered...." *Lanni,* 259 F.3d at 149, *citing, Smith v. Philadelphia Hous. Auth.,* 107 F.3d 223, 225 (3d Cir. 1997).  I do this by "assessing the experience and skill of the prevailing party's attorneys and compare the rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 180 (3d Cir. 2001).  The starting point is the hourly rate usually charged by the attorney, but this is not dispositive.  *Public Interest,* 51 F.3d at 1185.  Plaintiff bears the burden of establishing the reasonable current[2] market rate.  *Id.; Evans v. Port Auth. of New York and New Jersey,* 273 F.3d 346, 361 (3d Cir. 2001).

In this case, the only rate evidence presented by Plaintiff's counsel was at the

---

[1]At the hearing, counsel for Defendants stated that they did not object to the rate or the fees being charged by James E. De Pasquale.  There being no issue between the parties regarding the same, I will not consider appropriateness of either Mr. De Pasquale's rate or fees.

[2]"When attorney's fees are awarded, the current market rate must be used.  The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed." *Lanni,* 259 F.3d at 149 (citations omitted).

hearing.   Plaintiff presented this Court with the decision and award by the Honorable R. Stanton Wettick, Jr. out of the Court of Common Pleas of Allegheny County, Pennsylvania, wherein Judge Wettick awarded (without any consideration or discussion of the current market rate) Behrend & Ernsberger and attorney James De Pasquale the rate of $300.00.  *See, Eck v. MetLife, et al.*  No. GD95-017150 (Ct. Cmmon Pleas, Sept. 13, 2005).  Consequently, this does not provide me with anything more than the hourly rate charged by Plaintiff's counsel.  Thus, I find that Plaintiff's counsel have failed to meet their burden of establishing the reasonable current market rate.

Where the prima facie burden has not been satisfied, the court has considerable discretion in determining a reasonable hourly rate.  *Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1036 (3d Cir. 1996).  A court's role in determining a reasonable hourly rate is not passive, but, rather, it is positive and affirmative function of the court.   I have had the opportunity to consider the current market rates for civil rights cases and other complex litigation cases.   In those cases, the maximum attorney rate awarded has been $250.00 an hour.  *See, Swartzwelder v. City of Pgh., et al.,* C.A. No. 00-1793; *Foster v. Pgh. Bd. of Public Ed.,* C.A. No. 98-1905*; Sunseri v. The Univ. of Pgh.,* C.A. No. 99-1728; *Catello v. Oriental Weavers,* C.A. No. 01-1060.

In this case, there were no novel or difficult questions involved.  It was not a complex case.  In fact, for over 10 years, Plaintiff's counsel has represented more than two hundred plaintiffs in similar actions against MetLife all alleging improper

sales practices and claims under the UTPCPL. (Docket No. 104, p. 7). As Plaintiff's counsel admits, the cases involve the same, if not identical, factual and legal arguments. (Docket No. 104, p. 7). Thus, the skill, time, and labor required to litigate this case should be exponentially smaller than a case brought by a plaintiff against a defendant for the first time. Since I have found that this is not a complex case, I find that a reasonable rate for a partner given the degree of skill required for this simple case is $250.00.[3] Therefore, the total amount of fees sought for the partners is as follows: Barbara J. Ernsberger from $570.00 to $475.00; Daniel W. Ernsberger from $270.00 to $225.00; Kenneth R. Behrend from $36,120.00 to $30,100.00; Kenneth R. Behrend (Trial Time) from $4,005.00 to $3337.50; and Kenneth R. Behrend (Travel Time) from $1,134.00 to 1,054.40.

With regard to the rates of non-partners for which Plaintiff is seeking recovery, Plaintiff has failed to submit any evidence regarding the reasonableness of the same. Thus, I must review the same given my discretion. To that end, I find the other rates submitted by Plaintiff's counsel to be reasonable and within the range for the equivalent skill and experience. *See, e.g. See, Swartzwelder v. City of Pgh., et al.,* C.A. No. 00-1793. Specifically, associates are billing between $125.00 and $150.00 an hour. (Docket No. 103-3, p. 6). Paralegals are billing between $60.00 and $75.00 an hour. *Id.* Law clerks are billing at $75.00 an hour and legal assistants are billing at $50.00 an hour. *Id.* Based on the new rates, the total fee requested is

---

[3]Mr. Behrend, a partner, billed his time at trial at one half his billable rate. Since I find his reasonable hourly rate to be $250.00, one half of that rate would be $125.00. He has also billed his travel time at one third of his billable rate. Since I find his reasonable hourly rate to be $250.00, one third of that rate would be rounded up to $84.00.

$80,837.40.

b. <u>Number of hours reasonably expended</u>

The next step is to determine the hours reasonably expended. *Hensley,* 461
U.S. at 433.  As to those issues raised by the party opposing the fee request, a "court
must be careful to exclude from counsel's fee request 'hours that are excessive,
redundant or otherwise unnecessary....'" *Holmes v. Millcreek Township School Dist.,*
205 F.3d 583, 595 (3d Cir. 2000), *quoting, Hensley,* 461 U.S. at 434.  To be appropriately
awarded, attorneys' fees must be "'useful and of the type ordinarily necessary' to
secure the final result obtained from the litigation." *Planned Parenthood of Central
New Jersey v. The Attorney General of the State of New Jersey,* 297 F.3d 253 (3d Cir.
2002), *quoting, Pennsylvania v. Del. Valley Citizens' Council,* 478 U.S. 546, 561 (1986);
*Loughner,* 260 F.3d at 178.   Hours that generally would not be billed to one's own
client are not properly billed to an adversary.  *Public Interest,* 51 F.3d at 1188.

Upon this Court's direction, Defendants have made specific line item
objections to the hours claimed by Plaintiff's counsel in table format.  I will deal with
each separately in table format as well.

| Date | Time | Rate Billed ($) | Ruling | Deducted amount, if any |
|------|------|-----------------|--------|-------------------------|
| 3/11/00 | 1.0 | 250 | The last name of the person in attendance at the client conference is irrelevant for billing purposes | no reduction |
| 5/31/06 6/01/00 | .8 .2 | 50 | The preparation of a notice of service is a standard form and should not require a separate billing entry. | $100.00 |

7

| 6/01/00 | .2 | 50 | There were 8 counts in the complaint. This request for production of documents was prepared prior to and presumably in preparation for the complaint. I agree with Plaintiff that there are common elements between his fraudulent misrepresentation claim and his UTPCPL claim, but not for the other 6 claims. Thus, a reduction in the amount of 3/4 is warranted. | $37.50 |
| 6/08/00 | .7 | 75 | There were 8 counts in the complaint. The preparation of documents for production was prepared prior to and presumably based on the complaint. I agree with Plaintiff that there are common elements between his fraudulent misrepresentation claim and his UTPCPL claim, but not for the other 6 claims. Thus, a reduction in the amount of 3/4 is warranted. | $39.37 |
| 6/23/00 | .7 | 75 | There were 8 counts in the complaint. The preparation of answers to interrogatories was prepared prior to and presumably based on the complaint. I agree with Plaintiff that there are common elements between his fraudulent misrepresentation claim and his UTPCPL claim, but not for the other 6 claims. Thus, a reduction in the amount of 3/4 is warranted. | $39.37 |
| 6/24/00 | .1 | 250 | I agree that the review of answers to interrogatories could have been performed by an associate at the senior associate rate of $150 an hour. | $100 |
| 9/11/00 | .9 | 50 | I agree with Defendants that there is no need to have an analyst review the policy information, since Plaintiff's counsel are more than qualified to do the same. | $45 |
| 9/11/00 | .5 | 50 | I agree with Defendants that there is no need to have an analyst prepare a summary of policy information, since Plaintiff's counsel are more than qualified to review the same for themselves. | $25 |
| 12/01/00 12/04/00 | 5.4 1.6 | 50 | I agree with Defendants that there is no need to have an analyst prepare a factual review in aid of drafting complaint, since the complaint is basically a form complaint and counsel are more than qualified to prepare the same. | $270 $80 |

| | | | | |
|---|---|---|---|---|
| 12/04/00<br>12/05/00<br>12/06/00<br>1/06/01 | 2.1<br>.5<br>1.0<br>.8 | 250 | The complaint in the case was a form complaint, with minor changes added specific to this Plaintiff's policy. In addition, there were 8 counts in this form complaint.  I agree with Plaintiff that there are common elements between his fraudulent misrepresentation claim and his UTPCPL claim, but not for the other 6 claims.  Thus, a reduction in the amount of 3/4 is warranted. | $825 |
| 1/08/01 | .4 | 60 | There were only two exhibits attached to the complaint - the policy and the illustration.  An attorney would have had to review the same and had them available in drafting the complaint. Thus, the only time preparing the exhibits would have been copying them, for which Plaintiff is entitled to costs, not the time associated with making copies. | $24 |
| 01/08/01 | .8 | 50 | There were only two exhibits attached to the complaint - the policy and the illustration.  An attorney would have had to review the same and had them available in drafting the complaint. Thus, the only time preparing the exhibits would have been copying them, for which Plaintiff is entitled to costs, not the time associated with making copies. | $40 |
| 2/13/01 | .1 | 250 | Anything sent from the court must be read, so even though I agree that the entry is not specific, billing .1 is not excessive and no reduction will be taken for this. | no reduction |
| 3/15/01 | .5 | 250 | I agree with Defendants that an entry that states "Review of documents" lacks sufficient specificity. Although Plaintiff's counsel states that this is for the review of documents in response to the receipt of the Motion to Dismiss, Plaintiff does not state what documents, different from those already reviewed in drafting the complaint, would have been necessary. Consequently, entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $125 |

| 3/15/01 | .8 | 250 | Plaintiff's response appears to agree that an attorney, but not necessarily an attorney billing at a partner rate, was required to prepare the Reply to the Motion to Dismiss.  Consequently, I will allow the senior associate rate of $150 an hour. Moreover, I agree with Defendant that only portions of the Reply relate to non- UTPCPL claims. In determining what portion is allowable, I reviewed the Opinion on the Motion to Dismiss. Approximately 35% of the Opinion was devoted to matters that could relate to the UTPCPL claims. Consequently, I will reduce the allowable rate by 65%. | $158 |
|---|---|---|---|---|
| 3/16/01 | 2.5 | 250 | Plaintiff's response appears to agree that an attorney, but not necessarily an attorney billing at a partner rate, was required to prepare the Brief in Opposition to the Motion to Dismiss. Consequently, I will allow the senior associate rate of $150 an hour.  Moreover, I agree with Defendant that only portions of the Brief relate to non-UTPCPL claims.  In determining what portion is allowable, I reviewed the Opinion on the Motion to Dismiss.  Approximately 35% of the Opinion was devoted to matters that could relate to the UTPCPL claim.  Consequently, I will reduce the allowable rate by 65%. | $493.75 |
| 3/16/01 | 2.2 | 50 | This entry appears to be nothing more than typing of the reply, brief and affidavit, as a legal assistant is not qualified to conduct legal research or write a responsive document.  Consequently, the entirety of this entry is disallowed. | $110 |
| 5/16/03 | .4 | 250 | Contrary to Defendants' assertion, it is obvious to me from the docket that the time was billed for a status conference before this court.  However, I agree with Defendants that was no need to have two attorneys present at the status conference, especially given the non-involvement of partner BJE in the overall case (BJE billed a total of 1.9 hours).  Consequently, the entirety of this entry is disallowed. | $100 |

| 5/16/03 | .4 | 250 | Contrary to Defendants' assertion, it is obvious to me from the docket that the time was billed for a status conference before this court. Furthermore, because the distinguishable non-UTPCPL claims were dismissed by this point,[4] a reduction is not appropriate. | no reduction |
|---|---|---|---|---|
| 5/23/03 | .1 | 250 | Because the distinguishable non-UTPCPL claims were dismissed by this point, a reduction is not appropriate. *See,* footnote 4. | no reduction |
| 6/16/03 | .7 | 250 | I disagree with Defendants that "office conference with client" is not sufficiently stated.  Consequently, a reduction is not warranted. | no reduction |
| 9/16/03 | .2 | 50 | A letter to opposing counsel is recoverable.  Consequently, a reduction is not warranted. | no reduction |
| 9/25/03 9/26/03 | 2.6 .9 | 150 | I do not believe that 3.5 is an excessive amount of time to review all of the documents in the case to prepare for depositions in this case.  Consequently, a reduction is not warranted. | no reduction |
| 9/26/03 | 3.8 | 150 | The total time at the deposition was 3 hours.  *See,* Docket No. 117, Ex. F.  If the remaining time was spent preparing Plaintiff for the deposition, this should have been a separate entry.   Consequently, the remainder of the time (.8) will be disallowed. | $120 |
| 10/20/03 10/21/03 | 3.1 .8 | 150 | I have already allowed 3.5 hours for reviewing the documents in the case to prepare for deposition.  3.5 hours is more than generous.  Consequently, I find this time to be excessive.  Thus, the entirety of this entry is disallowed. | $585 |
| 1/21/03 | 1.6 | 150 | The total time at the deposition was .7 hours.  *See,* Docket No. 117, Ex. G.  If the remaining time was spent preparing a summary of the deposition, it should have been in a separate entry.   Consequently, the remainder of the time (.9) will be disallowed. | $135 |
| 5/15/03 | .3 | 50 | I disagree with Defendants' objection that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same is not appropriate. *See,* footnote 4. | no reduction |

[4]The only non-UTPCPL claims not dismissed were fraudulent misrepresentation and negligent misrepresentation.  Because the elements of negligent misrepresentation are common to fraudulent misrepresentation, and because the elements of fraudulent misrepresentation are common to claims under the UTPCPL, the work from this point on is not susceptible to apportionment between the different claims for relief.

| 5/23/03 | .8 | 50 | I disagree with Defendants' objection that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same is not appropriate. *See,* footnote 4.  Moreover, while it may be true that Plaintiff used a form request, Defendants have not provided me with the same to make the appropriate judgment of whether the time spent was excessive.  Consequently, a reduction on this basis is not appropriate. | no reduction |
|---|---|---|---|---|
| 6/2/03<br>6/2/03 | 1.2<br>1.3 | 60 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same is not appropriate. *See,* footnote 4.  Moreover, while it may be true that Plaintiff used a form request, Defendants have not provided me with the same to make the appropriate judgment of whether the time spent was excessive.  Consequently, a reduction on this basis is not appropriate. | no reduction |
| 6/03/03 | 1.3 | 60 | I disagree with Defendants that 1.3 is excessive for a paralegal to respond to 19 interrogatories. *See,* Docket No. 117, Ex. E.  Consequently, a reduction on this basis is not appropriate. | no reduction |
| 6/03/03 | 1.2 | 60 | I disagree with Defendants that 1.3 is excessive for a paralegal to respond to request for production of documents.  Consequently, a reduction on this basis is not appropriate. | no reduction |
| 9/9/03 | 1.1 | 60 | I have no basis upon which to determine whether 1.1 is excessive for a paralegal to prepare supplemental response to request for production of document.  Consequently, a reduction is not appropriate. | no reduction |
| 9/17/03 | 1.1 | 60 | Defendants suggest that 1.1 was billed for a letter to Kim Brown regarding a translator.  (Docket No. 117-2, p. 5).  Counsel's bill, however, indicates that the time billed was .2.  I do not find that .2 is excessive for a letter to opposing counsel.  Consequently, a reduction is not appropriate. | no reduction |
| 11/05/03 | .5 | 60 | I agree with Defendants that it is sufficiently unclear to me whether the paralegal simply made copies and put them in an envelope to Echo International, a purely ministerial function which should not be recoverable or whether there was something else associated therewith.  Consequently, the entirety of this entry is disallowed. | $30 |

| | | | | |
|---|---|---|---|---|
| 1/20/04<br>2/9/04 | 5.3<br>1.5 | 150 | I agree with Defendant that 6.8 is an excessive amount of time to bill for preparing the response to the motion for summary judgment when it was only 10 pages long and counsel billed separately, as they should, for reviewing documents and conducting legal research.  I find 5 hours is more than generous to prepare the same.  Consequently, 1.8 hours will be disallowed | $270 |
| 2/11/04 | 1.5 | 250 | This document was billed for and prepared by a senior associate.  Review of the 10 page response should not take 1.5 hours.  I find .8 to be more than generous for the same.  Consequently, .7 will be disallowed. | $175 |
| 1/20/04<br>1/30/04 | 1.8<br>2.3 | 150 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4.  Moreover, I do not think that 4.1 is an excessive amount of time to bill for reviewing documents in an effort to respond to the motion for summary judgment. | no reduction |
| 2/04/04 | .4 | 250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4.  Moreover, I do not think that .4 is an excessive amount of time to bill for legal research in an effort to respond to the motion for summary judgment. | no reduction |
| 2/04/04 | .1 | 250 | After a review of the correspondence provided by Plaintiff's counsel, I think there is sufficient specificity to warrant the billing of .1 for receipt and review of correspondence from opposing counsel. | no reduction |
| 2/04/04<br>2/11/04 | 1.6<br>1.4 | 125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4.  Moreover, I do not think that 3.0 is an excessive amount of time to bill to draft a brief in opposition to a motion for summary judgment for legal research in an effort to respond to the motion for summary judgment. | no reduction |

| 2/08/04 | 1.1 | 150 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4.  However, I agree with Defendants that an entry that states "Draft of MetLife APP research groups for Summary Judgment Brief" lacks sufficient specificity.  Plaintiff's counsel has failed to provide me with an explanation of what this task was or what needed to be done to complete the task.  Consequently, entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $165 |
| 2/09/04 2/10/04 2/11/04 | 4.2 3.3 2.0 | 250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4.  Moreover, because a form brief was used (with minor changes) and an associate previously billed 3.0 for the same task for which no deduction was taken, I am in agreement with Defendants that 9.5 is excessive.  *See,* Docket No. 118, Exs. K & L.  I believe that half that amount of time, or 4.75 is more than generous.  Consequently, 4.75 will be disallowed. | $1,187.50 |
| 2/09/04 | 1.0 | 150 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |
| 2/10/04 | 1.0 | 250 | While it is true that this task could have been performed by an associate, I do not find it unreasonable for the partner signing the brief to conduct one hour of legal research.  Consequently, no deduction is warranted. | no reduction |
| 6/07/04 | .9 | 50 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |

| 6/9/04 6/11/04 | .8 1.4 | 50 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. I do believe that 3.1 (.9 + .8 + 1.4) is excessive for preparing a docketing statement. Plaintiff's first entry on this amount (.9) is more than generous for this ministerial task. Consequently, I will disallow the additional time entries for this task. | $110 |
|---|---|---|---|---|
| 7/15/04 | 3.1 2.5 | 125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I agree with Defendants that 5.6 hours is excessive for the billing of the statement of the case for the Third Circuit brief when it was virtually cut and pasted from Plaintiff's brief in opposition to summary judgment. I believe 1.0 is more than generous for the billing of a cut and paste two page section in an appellate brief. *See,* Docket No. 118, Exs. K and M. Consequently, 4.6 hours will be deducted. | $575 |
| 7/19/04 | 7.9 | 125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I agree with Defendants that 7.9 hours is excessive for the billing an outline for the legal issues to be presented in the Third Circuit brief, when the brief was virtually cut and pasted from other Third Circuit briefs prepared by Plaintiffs' counsel. Thus, I believe 1.0 is more than generous. *See,* Docket No. 118, Exs. M and N. Consequently, 6.9 hours will be deducted. | $862.50 |

| | | | | |
|---|---|---|---|---|
| 7/20/04<br>7/22/04<br>7/23/04<br><br>7/22/04<br>7/26/04<br>7/26/04<br><br>7/22/04<br>7/25/04<br>7/26/04<br>7/30/04<br>8/02/04 | 7.2<br>8.9<br>5.0<br><br>5.6<br>1.0<br>1.7<br><br>1.4<br>3.6<br>3.1<br>3.0<br>6.9 | 125<br>(KMM)<br><br><br>150<br>(DAT)<br><br><br>(KRB) | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4.  However, I agree with Defendants that 47.4 hours is excessive for the billing of the brief section *only* of an appellate brief, the majority of which is cut and pasted from a prior brief.  *See,* Docket No. 118, Exs. M and N.  I find that 10 hours for the preparation of a reworked cut and paste by an associate and 3 hours by the signing partner is more than generous for this task.  Consequently, I will permit the 8.3 hours by the senior associate and 1.7 hours by the junior associate, and I will permit 3 hours to be billed by the partner. | $6,175 |
| 7/26/04<br>7/28/04<br><br>7/30/04 | 1.6<br>.5<br><br>.8 | 150<br>(DAT)<br><br>250<br>(KRB) | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4.  However, I find that the drafting of the summary of the argument should not take more than 2 hours total.  Consequently, I will disallow .5 of the time billed by the associate and .4 of the time billed by the partner. | $175 |
| 7/27/04<br>7/28/04<br>7/29/04<br>7/30/04<br>8/02/04<br>8/16/04<br>8/17/04 | 2.9<br>7.2<br>7.0<br>2.2<br>6.4<br>7.2<br>.3 | 50 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4.  However, I do agree that 33.2 hours is excessive for preparing a reproduced record by a legal assistant.  I find 8 hours is more than generous to prepare the same.  Consequently, 25.2 hours is disallowed. | $1,260 |

| 7/28/04 | .9 | 125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I find that legal and/or paralegal compilation of the reproduced record should not take more than 1 hour, especially given the fact that I am permitting 8 hours to be billed by the legal assistant for the same task.  *See,* entry above. Consequently, I will disallow .4 of the paralegal time and .1 of the partner time billed for this task | $55 |
| 7/29/04 | .4 | 75 | | |
| 7/29/04 | .2 | 250 | | |
| 7/28/04 | 1.4 | 125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I agree with Defendants that an entry that states "Legal research for 3rd Circuit Brief" lacks sufficient specificity.  Plaintiff's counsel has failed to provide me with an explanation of what legal research was conducted.  Consequently, entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $175 |
| 7/30/04 | .2 | 250 | I agree with Defendants that an that states "Telephone call to Asian Pacific Center" lacks sufficient specificity.  Plaintiff's counsel has failed to provide me with an explanation of why the call was made. Consequently, entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $50 |

| 8/02/04 | .6 | 75 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I am unable to determine in what way the paralegal billing for this entry aided in the "Preparation of brief." Consequently, entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $45 |
| 8/04/04 | 1.5 | 75 | I agree with Defendants that "Letter to Pendleton" lacks sufficient specificity. However, after a review of the letter provided in response by Plaintiff, I find Plaintiff is entitled to fees for this letter, but that it should not have taken more than .5 hours to draft. Consequently, 1.0 is disallowed. | $75 |
| 9/07/04<br><br>9/08/04<br>9/09/04 | .2<br><br>4.4<br>2.9 | 250<br><br>125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |
| 9/10/04<br>9/12/04<br>9/13/04<br><br>9/14/04<br>9/15/04 | 6.0<br>3.0<br>3.4<br><br>4.1<br>2.5 | 125<br><br><br><br>250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. Defendants further argue that this is a cut and paste form reply brief, but do not provide me with either the reply brief in this case or any other case. It is Plaintiff's burden to justify 19 hours on drafting a reply brief that by the rules can be no longer than 15 pages. Plaintiff has not provided me with its brief such that I could review the same. Simply put, I believe that 19 hours is excessive. I find 9 hours of associate time and 1 hour of partner time to be more than generous. Consequently, I will disallow 3.4 hours of associate time and 5.6 of partner time. | $1825.00 |

| | | | | |
|---|---|---|---|---|
| 10/07/05<br>10/11/05 | .6<br>1.3 | 50 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |
| 10/17/05 | 1.3 | 50 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, the factual statement was virtually cut and pasted from other filings.  *Compare,* Docket No. 32 with Docket No. 46.  Consequently, I do not believe that recovery of a fee for this ministerial task should be permitted. | $65 |
| 1/12/05<br>1/13/05 | .7<br>.4 | 250 | I agree with Defendants that preparation of a letter to the Third Circuit regarding citation of supplemental authority, that according to the rule cannot exceed 350 words, is a task that could have been performed by a senior associate, rather than a partner. | $110 |
| 1/13/05 | .2 | 50 | I agree with Defendants that an entry that states "Letter to client" lacks sufficient specificity. Plaintiff does not explain this entry in response or provide a copy of the letter. Consequently, entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $10 |
| 1/28/05 | .4 | 250 | I agree with Defendants that an entry that states "Letter to 3rd circuit" lacks sufficient specificity. Plaintiff does not explain this entry in response or provide a copy of the letter. Consequently, entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $100 |
| 2/6/05 | 1.4 | 250 | I agree with Plaintiff that research in preparation for oral argument before the Third Circuit should be conducted by the counsel presenting the argument. | no reduction |

| 2/15/05 2/16/05 2/17/05 | .5 .5 6.5 | 250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |
|---|---|---|---|---|
| 2/18/05 | 3.3 | 250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I agree with Defendants that billing a total of 12.2 hours (1.4 + .5 + .5 + 6.5 + 3.3) is a bit excessive. I believe 8.9 hours is more than generous for the same. Consequently, this entry is disallowed . | $825 |
| 2/18/05 | 1.0 | 250 | Travel time of one hour to court is acceptable because counsel stayed with a relative and therefore did not charge for lodging, meals, parking or tolls. | no reduction |
| 6/9/05 | .5 | 250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |
| 6/9/05 7/07/05 | 1.3 3.0 | 250 125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I agree that the research necessary could have been performed by an associate and was in fact performed by an associate. Consequently, 1.3 hours by partner is disallowed. | $325 |
| 6/09/05 6/23/05 6/30/05 | .9 .6 .8 | 125 250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |

| | | | | |
|---|---|---|---|---|
| 7/7/05 | .2 | 125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I agree with Defendants that 1.1 hours (.2 + .9 billed previously) is excessive for review of Defendants' petition for rehearing. Consequently, this entry will be disallowed. | $25 |
| 7/01/05<br>7/02/05<br>7/07/05<br><br>7/05/05<br>7/06/05<br>7/07/05<br>7/07/05 | 1.9<br>9.1<br>4.6<br><br>3.0<br>2.6<br>3.1<br>.3 | 250<br><br><br><br>125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I do believe that 24.6 hours is grossly excessive for drafting of an answer to a petition for rehearing en banc. Plaintiff has failed to provide me with a copy of the same to justify such excessive billing. With that said, I believe 5.0 of associate time and 1.0 of partner time is more than generous. | $4,025 |
| 8/11/05 | 1.5 | 250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |
| 8/11/05 | 1.8 | 50 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I agree with Defendants 1.8 is an excessive amount of time to bill for the form pre-trial statement filed in this matter. I think .5 is more than generous for this ministerial task. | $65 |

| 8/11/05 | .6 | 50 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I agree with Defendants that an entry that states "Prepare documents for argument" lacks sufficient specificity. Plaintiff does not explain why a fee for what appears to be a ministerial task is recoverable as a fee. Consequently, entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $30 |
| 8/16/05<br>8/17/05<br>10/06/05<br>01/07/05<br>10/11/05<br><br>8/16/05 | .1<br>.1<br>2.1<br>.4<br><br>.4 | 250<br><br><br><br><br><br>50 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |
| 10/11/05 | .9 | 250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4. However, I agree with Defendants that this time is excessive for the revising of a pre-trial statement that was previously filed and that the task could have been performed by an associate.  I believe that .5 hours is more appropriate at the senior associate rate. | $150 |
| 10/11/05 | 1.7 | 125 | See entry above.  Consequently, the entirety of this entry will be disallowed. | $212.50 |
| 10/12/05 | .3 | 250 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims.  Since the distinguishable non-UTPCPL claims were dismissed by this point, a reduction for the same on this basis is not appropriate. *See,* footnote 4.  I find that it was appropriate for a partner to bill for preparing a motion in limine. | no reduction |

| 10/12/05 | 1.1 | 125 | I do not find that 1.1 is excessive for time billed to prepare proposed voir dire | no reduction |
|---|---|---|---|---|
| 10/12/05 10/13/05 | 8.5 5.1 | 125 | Unlike other activities performed above by Plaintiff's counsel, I am able to determine that only approximately one-third of the jury instructions were devoted to UTPCPL claims.  As a result, these entries must be reduced by two-thirds. | $1,133.33 |
| 10/17/05 | 3.0 | 125 | None of Defendants' proposed jury instructions included charges on Plaintiff's UTPCPL claim.  As a result, this entry is not recoverable. | $375 |
| 10/19/05 | .2 | 250 | Defendants do not point out for me which motions in limine they believe are not related to the UTPCPL claims.  Some motions would relate in some way to the UTPCPL claims.  Thus, a reduction for the same on this basis is not appropriate. *See,* footnote 4. | no reduction |
| 10/25/05 | .3 | 250 | I find that this entry "prepare responses to MetLife's motion in limine" lacks the proper specificity.  I am unable to determine to which motion in limine counsel was responding, but I am sure that he is not billing .3 for responding to all 7 motions since he bills separately for at least one other motion and his associate bills for responding to the motions. | $75 |
| 10/25/05 10/27/05 10/28/06 10/28/05 10/28/05 | 5.0 1.7 1.6 1.2 1.5 | 125 | Defendants do not point out for me which motions in limine they believe are not related to the UTPCPL claims.  Some would relate in some way to the UTPCPL claims.  Thus, a reduction for the same on this basis is not appropriate. *See,* footnote 4.   Moreover, I find them to be sufficiently specific. | no reduction |
| 10/31/05 | 2.9 | 125 | The motion in limine regarding the bifurcation of punitive damage portion of the trial had nothing to do with Plaintiff's UTPCPL claim.  Therefore, this entry is not recoverable. | $362.50 |
| 11/01/05 | 5.1 | 250 | I agree with Defendants that it was excessive for a partner to bill 5.1 for the drafting of a reply to a motion in limine regarding damages.  I believe 3.0 is more than generous. | $525 |
| 11/01/05 | 2.8 | 125 | I believe that the market conduct motion pertains to UTPCPL claims and find that 2.8 is not excessive. | no reduction |

| 11/01/05 | .8 | 125 | I believe that the expert motion may pertain to the UTPCPL claims and find that .8 is not excessive. | no reduction |
|---|---|---|---|---|
| 11/01/05 | 2.0 | 125 | I find that this motion in limine related, in part, to UTPCPL claims. | no reduction |
| 11/01/05 | 1.1 | 125 | The motion in limine regarding the net worth relates to punitive damages which had nothing to do with Plaintiff's UTPCPL claim.  Therefore, this entry is not recoverable. | $137.50 |
| 2/17/06 | .2 | 50 | I agree with Defendants that an entry that states "Letter to client" lacks sufficient specificity. Plaintiff does not explain this entry in response or provide a copy of the letter. Consequently, entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $10 |
| 3/16/06 4/15/06 | .3 .6 | 250 | A call to Plaintiff's expert would have related, in some way, to Plaintiff's UTPCPL claim. | no reduction |
| 4/05/06 | 1.2 | 250 | Since the partner drafted the first motion, I find it was most economical to have him draft the supplemental response. | no reduction |
| 4/05/06 | .2 | 250 | I agree that a telephone call to the translator for trial could have been performed by an associate. | $20 |
| 4/15/06 4/15/06 4/18/06 4/18/06 | 2.5 1.1 .9 .7 | 250 | I agree with Defendants that an entry that states "trial preparation" lacks sufficient specificity.  The non-lead trial counsel should be able to state specifically what task he performed in preparing for trial.  I am unable to even discern what issue it involved. Unfortunately,  entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $1,300 |
| 4/17/06 | 2.1 | 75 | Again, I agree with Defendants that an entry that states "trial preparation" lacks sufficient specificity.  The paralegal should be able to state specifically what task she performed in preparing for trial.  I am unable to even discern what issue it involved. Unfortunately,  entries like this that are so vague as to defy any meaningful assessment of whether the hours were reasonably expended will not be permitted. | $157.50 |
| 4/17/05 | 3.4 | 50 | I do not find it excessive to spend 3.4 hours on organizing documents for trial presentation. | no reduction |

| 4/18/06 | .5 | 250 (KRB trial) | I agree with Defendants that an entry that states "Court - argument" that is made on a day during which the trial was held is insufficiently specific. I have no independent recollection on what topic Mr. Behrend argued and he did not provide a cite to the page of the transcript when the argument occurred. After a review of the transcript, I cannot locate the same. Consequently, I find I must disallow this entry. | $125 |
|---|---|---|---|---|
| 4/18/06 | 3.0 | 250 | This meeting most likely dealt with the UTPCPL claims. Furthermore, I find no issue with the fact that both lead and non lead trial counsel were present. | no reduction |
| 4/18/06 4/19/06 4/20/06 4/24/06 4/24/06 4/25/06 4/25/06 | 6.4 7.1 5.5 3.2 .3 1.1 3.1 | 125 | I disagree with Defendants' objections that this time should be disallowed because a portion of the fees are related to non-UTPCPL claims. Moreover, I find no issue with the fact that there were two counsel present at the trial for Plaintiff. | no reduction |
| 4/18/06 | .2 | 75 | The net worth relates to punitive damages which had nothing to do with Plaintiff's UTPCPL claim. Therefore, this entry is not recoverable. | $15 |
| 4/18/06 | .8 | 50 | I do not find this time excessive in light of the fact that trial is ongoing at this point. | no reduction |
| 4/19/06 | .7 | 250 | I find review of the proposed jury charge to be appropriately billed by a partner. | no reduction |
| 4/19/06 | 3.1 | 250 | I find 3.1 hours for proposed modifications to the jury charge to be excessive. I find 2.0 hours to be more than generous. | $275 |
| 4/19/06 | .8 | 250 | I do not find the time for the conference to be duplicative. | no reduction |
| 4/19/06 4/19/06 4/20/06 | 5.2 .6 1.4 | 125 75 | I find that this legal research could have related to UTPCPL claims. | no reduction |
| 4/20/06 | 2.5 | 250 | I have already permitted 2.0 hours for this task. Consequently, the entire entry must be disallowed. | $625 |

| 4/20/06<br>4/20/06 | .7<br>.6 | 250 | This relates to the UTPCPL claims.  I find it appropriate for non-lead trial counsel to bill for this time, since it appeared to be an issue at trial. However, it should have been billed at his trial rate of $125. | $162.50 |
|---|---|---|---|---|
| 4/20/06 | .7 | 250 | Undoubtedly, this time  relates to the UTPCPL claims. Moreover, I do not find the time duplicative. | no reduction |
| 4/21/06 | .9 | 250 | Partner, BJE, billed "Conference - closing and evidence" on a day no other attorney billed for a conference.  I have no understanding of why a partner, who has only billed one other hour in this case, is billing for a conference when no other trial attorney is at the conference with her when it relates to closings and evidence.  This time must be disallowed. | $225 |
| 4/22/06 | 2.0 | 250 | Undoubtedly, this time  relates to the UTPCPL claims. Moreover, I do not find the time duplicative. | no reduction |
| 4/22/06<br>4/24/06 | 2.5 | 250 | This entry relates to the UTPCPL claims.  However, I find that the time billed for this entry should be billed at Mr. Behrend's trial rate. | $312.50 |
| 4/25/06<br>4/25/06 | .2<br>.2 | 250 | It is a ministerial task to answer the telephone and receive the message that counsel must report to the courthouse because there is a jury question. Consequently, this time must be disallowed. | $100 |
| 4/26/06 | .5 | 250 | Portions of the post-trial motion relate to the UTPCPL claims. | no reduction |
| | | | **TOTAL FEE DISALLOWED** | **$ 28,375.32** |

After my calculations at the new rates, I find the total fee requested is $80,837.40,

less the total fees disallowed ($28,375.32) for a lodestar of $52,462.08.

c.  Adjustments to the Lodestar

Having determined the basic lodestar amount does not end my inquiry.

*Hensley,* 461 U.S. at 434.  I may adjust the lodestar upward or downward based on

a variety of reasons.  "[T]he most critical factor is the degree of success obtained."

*Id.* at 436. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37. In this case, however, I made the deductions for non-UTPCPL claims, when possible, in determining the reasonableness of the hours expended. Moreover, there is a basic common core of facts. Therefore, I find it is unfair to adjust the lodestar in a wholesale approach. Consequently, no further adjustment will be made for this reason.

Defendants also request that this Court reduce the fees based on Plaintiff's rejection of a "substantial" settlement offer. (Docket No. 117, p. 2-3). Plaintiff does not respond to this argument. *See,* Docket No. 123.

> Substantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply. *See Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1337 (4th Cir.1996). Attorney's fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation. *See Marek v. Chesny*, 473 U.S. 1, 11, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Determining whether an offer is substantial is left in the first instance to the discretion of the district court. Nevertheless, an offer is substantial if, as in this case, the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party. In such circumstances, a district court should reflect on whether to award only a percentage (including zero percent) of the attorney's fees that were incurred after the date of the settlement offer.

*Moriarty v. Svec,* 233 F.3d 955, 967 (7th Cir. 2000). In this case, the offer made was for $17,500.00 on August 17, 2005. Fees sought by Plaintiff occurring after August 17,

2005, exceed 185 hours. The total damages awarded in the case is $75,000.00. (*See*, discussion below regarding treble damages).   I do not believe that $17,000.00 compared to $75,000.00 is a substantial offer.  Consequently, I will not reduce the fees based on this theory.

Finally, I find that there is a proportionality between the total damages of $75,000.00 and the total fees and costs awarded in this case of $63,331.89  (close to 1:1).  Consequently, I will not reduce the fees based on the proportionality theory.

**2.  Costs**

Plaintiff  seeks  reimbursement  of  costs  in  the  amount  of  $13,273.56. Defendants make objections in table format, and Plaintiff responds accordingly. Therefore, I will address them in a similar fashion.

| Date | Amount ($) | Ruling | Deducted amount, if any |
|---|---|---|---|
| 4/4/00<br>1/31/00<br>3/31/00<br>5/31/03<br>6/30/03<br>8/31/03<br>9/30/03<br>10/31/03<br>11/30/03<br>2/29/04<br>5/31/04<br>6/30/04<br>7/31/04<br>8/31/04<br>9/31/04 | 17.50<br>18.00<br>19.75<br>3.75<br>22.50<br>1.00<br>4.75<br>13.00<br>1.50<br>105.00<br>28.50<br>19.50<br>207.00<br>56.40<br>120.25 | I agree with Defendants that $0.25 is excessive for making copies.  I find $0.10 more than generous taking into consideration ministerial overhead activities at the firm and that IKON charges 3.5 cents for making copies. | $383.04 |

| | | | |
|---|---|---|---|
| 11/30/05<br>4/30/06 | 88.05<br>261.15 | I agree with Defendants that $0.15 is excessive for making copies. I find $0.10 more than generous taking into consideration ministerial overhead activities at the firm and that IKON charges 3.5 cents for making copies. | $116.40 |
| 4/11/06 | 50.00 | Contrary to Defendants' assertions, Ms. Taylor's testimony was pertinent in the UTPCPL claims. However, that statute only provides for a $40.00 witness fee. 28 U.S.C. §1821. Consequently, $10 will be disallowed. | $10.00 |
| 4/18/06 | 1,119.60 | This is a simple, non-complex case wherein Defendants provided fewer than 500 documents. This case alone is not the type of case where you would need to hire an outside company to provide a database that could have been prepared in-house, if Plaintiff's counsel believed it to be so necessary. Consequently, the entirety of this cost will not be permitted | $1,119.60 |
| 4/18/06 | 536.40 | I am willing to permit the recovery of copies for trial books in this particular case even when Plaintiff only used fifteen exhibits at trial because I had not sent out an order requiring Plaintiff to file a supplemental pre-trial statement listing only those exhibits that he/she planned on using at trial. However, I agree with Defendants that $0.15 is excessive for making copies. I find $0.10 more than generous taking into consideration ministerial overhead activities at the firm and that IKON charges 3.5 cents for making copies. | $160.80 |
| 4/28/06 | 312.66 | Contrary to Defendants' assertions, Mr. Carter's testimony was pertinent in the UTPCPL claims. | no reduction |
| 4/28/06 | 666.32 | Plaintiff's expert was only necessary for one day of trial. Thus, he should have needed, at most, one night of lodging. Consequently, $482.76 will be disallowed. | $482.76 |
| 4/28/06 | 72.56 | Similarly, Plaintiff's expert was only necessary for one day of trial Consequently, $ 35.44 will be disallowed. | $35.44 |
| 4/28/06 | 120.71 | I find $120.71 to be unnecessary and excessive for the purchase of 25 sets of tab dividers. First of all, I do not understand the need for 25 sets of tab dividers, when there were only two counsel for Plaintiff. I find this to be excessive and 10 sets to be more than generous, especially given that only fifteen exhibits were used at trial. Furthermore, $4.50 per set to be excessive. I find up to $2.50 to be more than generous. Consequently, $95.71 will be disallowed. | $95.71 |

| | | TOTAL COSTS DISALLOWED | $2,403.75 |
|---|---|---|---|

Therefore, the total costs requested is $13,273.56, less the total costs disallowed ($2,403.75)   results in the total costs recoverable in the amount of $10,869.81.

Accordingly, the total reasonable fees and costs recoverable is $63,331.89.

## B. Post Judgment Interest

_____Plaintiff is entitled to post judgment interest consistent with 28 U.S.C. §1961.

## C. Treble Damages

The UTPCPL provides, in pertinent part, that "[t]he court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper." 73 Pa. S.T. §201-9.2(a)(as amended 1996).  Defendants argue that I should not treble damages because the jury did not find intent on their part on the fraudulent and negligent misrepresentation claims.  (Docket No. 107, pp. 2, 9-10).  I disagree.  There is no dispute that the imposition of treble damages is punitive in nature.  I find, based on the testimony and evidence produced at trial, that the conduct of Defendants was with reckless indifference to the interest of others and, merits an award three times the damages sustained. Therefore, pursuant to §201-9.2, in my discretion, I award treble damages, or $75,000.00, in this case.

* * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUU NAM TRAN,                          )
                                     )
        Plaintiff,              )
                                     )
  -vs-                           )
                                 Civil Action No.  01-262
METROPOLITAN LIFE INSURANCE COMPANY   )
and KOWK LAM,                   )
                                   )
        Defendants.           )

AMBROSE, Chief District Judge.

## ORDER OF COURT

And now, this **12th** day of August, 2006, after careful consideration of Plaintiff's Motion to Amend Judgment Pursuant to Rule 59(e) (Docket No. 103), it is ORDERED that said Motion (Docket No. 103) is granted as follows:

      A.   Plaintiff is awarded $52,462.08 for attorneys fees and $10,869.81 for costs.

      B.  Plaintiff is entitled to treble damages, for a total damage award of $75,000.00.

      C.  Plaintiff is entitled to post judgment interest consistent with 28 U.S.C §1961.

                                         BY THE COURT:

                                    /S/   Donetta W. Ambrose

                                    Donetta W. Ambrose,
                                    Chief U. S. District Judge